UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITA BAUTISTA and LUCIO BAUTISTA,<br>PlaintiffS,<br>v.<br>ALLSTATE INSURANCE COMPANY,<br>Defendant. | Case No. 1:26-cv-05227-KES-EPG<br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br>(ECF No. 7)<br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

On July 7, 2026, Defendant Allstate Insurance Company removed this case from Merced County Superior Court. (ECF No. 1). The Court set an initial scheduling conference for September 15, 2026. (ECF No. 3). The parties were required to submit a joint scheduling report at least seven days prior to the scheduling conference. (*Id.*). However, Defendant submitted its own scheduling report, indicating that Plaintiffs failed to participate in the preparation of the joint scheduling report. (ECF No. 5). Plaintiffs did not appear at the scheduling conference.

On September 15, 2026, the Court issued an order for Plaintiffs to show cause why sanctions should not issue for the failure of Plaintiffs' counsel to attend the conference and for failure to participate in the preparation of the joint scheduling report. (ECF No. 7). Plaintiffs did not respond to the Order to Show Cause.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to

control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth. of City of Los Angeles,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

To determine whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Henderson*, 779 F.2d at 1423-24.

Here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because the case has been pending since May 28, 2026, the date it was filed in Merced County Superior Court. However, since removal, Plaintiffs have not participated in the litigation any further. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air W., Inc.,* 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal, but the Court finds that this factor is outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. The Court's Order to Show Cause stated that the case could be dismissed if Plaintiffs failed to respond to the Order to Show Cause. (ECF No. 7). Moreover, the Court is recommending dismissal without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice for Plaintiffs' failure to prosecute the action and to comply with the Court's orders of July 7, 2026, and September 15, 2026.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 9, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE